HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. A. F
BUCHANAN ET AL.

Decided December 14, 1910.

**Railway—Overflow—Negligence—Sufficiency of Evidence.**

The evidence is held sufficient to support a recovery against a railway company for damages by overflow caused by improper construction of its bridge, approaches, etc., across the Brazos River.

Appeal from the District Court of Waller County. Tried below before Hon. Wells Thompson.

*Baker, Botts, Parker & Garwood* and *W. B. Garrett,* for appellant.

*R. E. Hannay* and *Meek & Highsmith,* for appellees.

KEY, CHIEF JUSTICE.—In this suit the plaintiffs sought to recover damages from the defendant in the sum of $29,000, on account of damages to their crops, caused by the overflow of their farm on the Brazos River, during the high rise and overflow of that river on June 2, 1908. The defendant was charged with several acts of negligence, stated as follows in appellant's brief:

"It is alleged appellant constructed a bridge over the river, and constructed stone abutments on the east and west banks and two stone piers in the river, for the bridge to rest on; that the natural channel of the river at the bridge is about 595 feet wide; that the land on the west side of the river is high, and for two miles on the east is low Brazos bottom land; that on the west side there is an embankment approaching the bridge about 15 feet high at the abutment, and extends west about 150 feet, with no culverts, and when the river gets nearly bank full, the said approach becomes an obstruction, and retards the flow of the water in the river; that the defendant negligently and unskilfully built said approach and abutment on the west side too far into the natural channel of the river, and negligently and unskilfully failed to leave culverts for the free flowing of the water.

"That defendant was guilty of negligence in constructing the two piers in the river, because they are a serious obstruction to the natural flow of the water, for the reason that the Brazos river drains a large portion of Texas, and is subject to frequent overflows, and large trees and drift flow down the stream, and is unable to pass under said bridge and between said piers, and especially the east pier, causing large drift to form against the said pier, which obstructs and retards the water, and the waters on said date were held at said point, and were forced upon the lands cultivated by plaintiffs.

"It is also alleged that appellant negligently constructed a breakwater in said river in 1907, about four or five hundred yards south of the bridge over the river, whereby the water in the river was impeded, and the water held and prevented from flowing.

"It is also alleged that the defendant had constructed a stone abutment on the east bank of the river at a point about 90 feet west from the east bank, 'extending about 90 feet into the channel thereof,' said embankment being about 20 feet high, and about 15 feet wide; that there were no culverts in the same; that the distance from the prairie to the river is about two miles, and the defendant's track is on an embankment, varying in height from four to fifteen feet; that in said embankment there are not sufficient culverts 'to permit the waters that fall on the north side of the defendant's railroad that naturally drain in a southerly, southeasterly and a southwesterly direction to pass unobstructed,' and especially the flood waters that leave the channel during an overflow. 'That in the building of said abutment out into the natural channel of said river, and in filling the space between the abutment and the piers with sand, gravel and rock, . . . and in building the breakwater, . . . and in constructing said roadbed and embankment from said river east over said level, and in failing to put in necessary culverts, and in failing to leave openings and drains for the passage of water as it would naturally flow when there is a rise in the Brazos River, the defendant company was guilty of negligence.' The petition further states: 'These plaintiffs show that all of the conditions as to said bridge, piers, abutments, fills, breakwater and abutments as set out in the preceding paragraph,' existed on or about the 28th day of April and the 2nd day of June, 1908, when a forty-foot rise occurred in the river; 'that by reason of the abutments, fills, breakwater and embankments made at the defendant's bridge, where it crossed the river as afore described, the water passing down the Brazos could not pass off as rapidly on account of said condition then existing, and that by reason thereof it was held at said point, and for a long distance up said river it was affected by reason thereof, and at one or two points north of the plantation on said river the water was forced out over the banks of the river and into the drains on plaintiffs' farms, and on the south to the defendant's roadbed and embankments, and 'by reason of the insufficiency of the culverts, drains and openings, when the water reached the roadbed it was caught and held on the north side, and to rise to the height of the embankment, which caused the water to overflow and destroy portions of plaintiffs' crops being grown and cultivated on the north side of the track.' It is also alleged that where the water got to the top of the track, the defendant was negligent in not cutting its roadbed and letting the water pass through, and as the track was being washed away, the defendant was negligent in putting sandbags and crowbars thereon to hold the track."

The defendant's answer contained a general denial and a special plea, specifying the manner in which it had constructed its roadbed, embankments and all other structures, and alleging that they were properly constructed, and that it was not guilty of any negligence.

There was a jury trial which resulted in a verdict and judgment for the plaintiffs for $1980, and the defendant, after its motion for new

trial was overruled, prosecuted an appeal, and has presented the case to this court and asks to have the judgment reversed.

Judging from the manner in which the case has been presented, the principal ground relied on for reversal is the contention that the testimony fails to show that the defendant was guilty of any negligence which caused damage to the plaintiffs' land, and that the land referred to would have been overflowed and the plaintiffs sustained the same damage, if the defendant's bridge and roadbed had not been located across the river and valley at all. That question is presented under an assignment of error complaining of the action of the court in refusing to give a peremptory instruction directing a verdict for the defendant, and several assignments complaining of the verdict of the jury in various respects, the contention being that the verdict was without evidence to support it. The case seems to have been vigorously contested. Many witnesses testified on each side, the statement of facts is voluminous and the statement in appellant's printed brief, purporting to give the substance of the testimony, covers about sixty-two pages of printed matter. Such being the conditions, and being behind with our docket, and having other cases pressing for consideration, we do not consider it our duty to consume the time that would be necessary to analyze and discuss the testimony in this opinion. Suffice it to say that, after hearing the able argument of counsel when the case was submitted, and due consideration in the consultation room, we have reached the conclusion that testimony was submitted which supports the verdict. Some objections are urged to certain paragraphs of the charge and to the refusal of requested instructions. The assignments presenting those questions have been duly considered, and all are overruled.

The question of an unprecedented flood was not presented by the testimony; and, besides, the charge requested upon that subject was not properly framed.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.